# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

     Plaintiff

v.

LAKEVIEW OWNERS' ASSOCIATION, et al.,

     Defendants

Case No.: 2:16-cv-00635-APG-BNW

**Order (1) Denying TRP's Motion for Summary Judgment, (2) Granting Bank of America's Motion for Summary Judgment, (3) Dismissing as Moot Bank of America's Alternative Damages Claims, (4) Denying as Moot Lakeview's Motion for Summary Judgment, and (5) Ordering TRP to Show Cause Why Its Third Party Claim Should Not Be Dismissed**

[ECF Nos. 63, 64, 65]

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust still encumbers property located at 9070 Spring Mountain Road #114 in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Lakeview Owners' Association (Lakeview). Bank of America seeks a declaration that the HOA sale did not extinguish the deed of trust and it asserts alternative damages claims against Lakeview and Lakeview's foreclosure agent, defendant Alessi & Koenig, LLC (Alessi).

Defendant Poshbaby LLC Series 9070 Spring Mountain #114 (Poshbaby) purchased the property at the HOA sale. Poshbaby later transferred the property to defendant TRP Fund V, LLC (TRP). TRP counterclaims to quiet title. TRP also filed a third party complaint against the former homeowner, Elizabeth Peterson, to quiet title.

Bank of America, TRP, and Lakeview move for summary judgment on a variety of grounds. The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motion. I deny TRP's motion and grant Bank of America's motion because tender was excused because Alessi would have rejected payment of the superpriority

amount.  Because the HOA sale did not extinguish the deed of trust, I dismiss as moot Bank of

America's damages claims against Lakeview and Alessi, and I also deny as moot Lakeview's

motion for summary judgment.  Finally, I order TRP to show cause why its third party claim

should not be dismissed for failure to serve Peterson.

# I.  ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of

the basis for its motion and identifying those portions of the record that demonstrate the absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531

(9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

summary judgment, the nonmoving party must produce evidence of a genuine dispute of material

fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523

F.3d 915, 920 (9th Cir. 2008).

The Supreme Court of Nevada recently held that tender is excused if the HOA's agent

"had a known policy of rejecting any payment for less than the full lien amount . . . ." *7510 Perla*

*Del Mar Ave Trust v. Bank of America, N.A. (Perla)*, 458 P.3d 348, 351 (Nev. 2020) (en banc).

1   Excuse of tender, like tender itself, cures the default of the superpriority portion of the lien by

2   operation of law. *Id.* at 350 n.1.

3           In this case, there is no genuine dispute that Alessi had a known policy that it would not

4   accept a check for only nine months of assessments that was accompanied by a letter containing

5   conditional language identical to that at issue in *Perla*. ECF Nos. 68-2; 68-4 at 50; 68-5 at 35;

6   68-7.  "As a result, [Bank of America] was excused from making a formal tender in this instance

7   because, pursuant to [Alessi's] known policy, even if the Bank had tendered a check for the

8   superpriority portion of the lien, [Alessi] would have rejected it." *Perla*, 458 P.3d at 352.

9   Consequently, Bank of America "preserved its interest in the property such that [TRP] purchased

10  the property subject to the Bank's first deed of trust." *Id.*

11          Because the HOA sale did not extinguish the deed of trust, I grant Bank of America's

12  motion for summary judgment against TRP and Poshbaby.[1]  I dismiss as moot Bank of

13  America's alternative damages claims against Lakeview and Alessi, and I deny as moot

14  Lakeview's motion for summary judgment.  That leaves TRP's third party claim against

15  Elizabeth Peterson.  TRP never successfully served her before I stayed the case in 2016. ECF

16  Nos. 27, 37.  TRP did not attempt to serve her after the stay was lifted.  I therefore will order

17  TRP to show cause why its third party complaint should not be dismissed for failure to timely

18  serve Peterson.

19  **II.  CONCLUSION**

20          I THEREFORE ORDER that defendant TRP Fund V, LLC's motion for summary

21  judgment **(ECF No. 65) is DENIED**.

22

23  ――――――――――――――――
    [1] Poshbaby was served in 2016. ECF No. 25.  It never appeared in this action.  Nothing in the
    Federal Rules of Civil Procedure required Bank of America to pursue a default judgment against
    Poshbaby as opposed to moving for summary judgment.

1    I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary

2 judgment **(ECF No. 63) is GRANTED**.  The clerk of court is instructed to enter judgment in

3 favor of plaintiff Bank of America, N.A. and against defendants Poshbaby LLC Series 9070

4 Spring Mountain #114 and TRP Fund V, LLC as follows: It is hereby declared that the non-

5 judicial foreclosure sale conducted by Lakeview Owners' Association on November 6, 2013 did

6 not extinguish the deed of trust and the property located at 9070 Spring Mountain Road #114 in

7 Las Vegas, Nevada remains subject to the deed of trust.

8    I FURTHER ORDER that plaintiff Bank of America, N.A.'s alternative damages claims

9 against defendants Lakeview Owners' Association and Alessi & Koenig, LLC are DISMISSED

10 as moot.

11    I FURTHER ORDER that defendant Lakeview Owners' Association's motion for

12 summary judgment **(ECF No. 64) is DENIED as moot**.

13    I FURTHER ORDER that by August 28, 2020, third party plaintiff TRP Fund V, LLC

14 shall show cause why its third party claim against third party defendant Elizabeth Peterson

15 should not be dismissed for failure to timely serve.  Failure to respond by that date will result in

16 dismissal of this claim without prejudice.

17    DATED this 7th day of August, 2020.

18

19

20

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

21

22

23